UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES DAVIS,

                                Plaintiff,

            -against-

CITY OF NEW YORK, *et al.*,

                            Defendants.
-------------------------------------------------------------------X

**MEMORANDUM &
OPINION**

No. 22-CV-6656
(Gujarati, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff James Davis brings this civil rights action, pursuant to 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and state law, against Defendants City of New York, Detective Matthew Hutchison, Detective Edward Vasquez, Detective "Larry" Eggers, Detective "John" Whelan, Sergeant "John" McCormack, and ten John and Jane Doe detectives (collectively, "Defendants"). Plaintiff brings claims of, *inter alia*, malicious prosecution, denial of due process, and municipal liability.

      Plaintiff requests "an order directing [that] the depositions of Defendants Hutchison and Vasquez take place before the deposition of non-party witness Jamel Black." *See* Dkt. No. 39. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I.    <u>Relevant Background</u>[1]

      According to Plaintiff, "[t]he thrust of [P]laintiff's complaint is that he was wrongfully convicted in the 2004 shooting death of Blake Harper because of improprieties committed by the NYPD detectives named as defendants herein." *See* Dkt. No. 39, at 3; *see also* Dkt. No. 1. Specifically, Plaintiff claims that Defendants "suppressed exculpatory evidence they received from

---

[1] The Court assumes the parties' familiarity with the general factual and procedural background of this case.

a non-party, Jamel Black, who claimed that he had witnessed the shooting incident, and had identified the shooter to NYPD detectives" as a different individual than Plaintiff.  *See id.*

On August 22, 2023, Defendants' counsel contacted Plaintiff's counsel by email to "schedule a deposition with Jamel Black." *See* Dkt. No. 39 at 4; *see* Dkt. No. 39-2 at 3.  In that same email, Defendants' counsel asked Plaintiff's counsel about their availability for Mr. Black's deposition "for the last two weeks of September" 2023.  *See id.*

On August 25, 2023, Plaintiff's counsel responded, via email, to Defendants' counsel and stated that they "will confer and get back to [Defendants' counsel]."  Dkt. No. 39-2 at 2.   In that same email, Plaintiff's counsel asked Defendants' counsel the following: "[o]n Jamel Black's deposition, can you propose some dates for the first two weeks of October?"  *Id.* at 2.

On August 29, 2023, Defendants' counsel emailed Plaintiff's counsel back, stating that they were "pretty flexible in those first two weeks [of October 2023] – any dates that do not work for you?"  *Id.*  Defendants' counsel added, "[t]hinking ahead on coordinating with Attica," presumably because Mr. Black was in custody at the Attica Correctional Facility and the attorneys would need to travel to the facility for Mr. Black's deposition.[2]

On September 5, 2023, Plaintiff's counsel advised Defendants' counsel, via email, that they would "prefer" to schedule Mr. Black's deposition after they received the records that they had requested from the Kings County District Attorney's Office ("KCDAO").  *See* Dkt. No. 39-2. Plaintiff received the KCDAO records on or about November 24, 2023.  *See* Dkt. No. 39, at 4 ("On or about November 24, 2023, defendants received the aforesaid documents from KCDAO and immediately provided them to plaintiff").

---

[2] Upon information and belief, Mr. Black is currently in the custody of the Attica Correctional Facility.  *See* https://nysdoccslookup.doccs.ny.gov/ (Last visited January 27, 2024).

On December 1, 2023, Plaintiff's counsel noticed the depositions of Defendants Hutchison and Vasquez.  *See* Dkt. No. 39.  On December 7, 2023, Defendants' counsel notified Plaintiff's counsel via email that Defendants cannot depose "Hutchison and Vasquez on the dates [Plaintiff] noticed them for."  *See* Dkt. No. 39-1.

The parties now dispute the order in which the depositions shall occur.  On January 23, 2024, the parties filed a joint letter with the Court to address this dispute and set forth their arguments therein.  *See* Dkt. No. 39.

## II.   Discussion

### A.   Legal Standard

"It was once well settled that priority in depositions went to the party first serving a notice of examination, absent compelling reasons to the contrary."  *Guidehouse LLP v. Shah*, No. 19-CV-09470 (MKV), -- F. Supp. 3d -- , 2020 WL 13927593, at *1 (S.D.N.Y. Oct. 27, 2020); *see Comercio e Industria Continental, S. A. v. Dresser Industries, Inc.*, 19 F.R.D. 265, 266 (S.D.N.Y. 1956) ("It is undisputed that defendant [] was the first party in this action to serve its notice to take a deposition pursuant to Rules 26 and 30(a). Therefore, said defendant is entitled to priority of examination in accordance with the prevailing rule that, in the absence of some special and good reason, examinations should proceed in the order in which they are demanded.").  "That rule, however, was abolished in 1970 with the promulgation of Federal Rule of Civil Procedure 26(d)."  *Guidehouse LLP*, 2020 WL 13927593, at *1.

Per Federal Rule of Civil Procedure 26(d), "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice[,] [] methods of discovery may be used in any sequence; and [] discovery by one party does not require any other party to delay its discovery."  Fed. R. Civ. P. 26(d)(3).  "[T]he advisory committee notes to

the 1970 amendment, which created subdivision (d) of Rule 26, states that 'the principal effects of [Rule 26(d)] are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case.'" *Nairobi Holdings Ltd. v. Brown Bros. Harriman & Co.*, No. 02 Civ. 1230 (LMM), 2005 U.S. Dist. LEXIS 4300, *8 (S.D.N.Y. Mar. 18, 2005) (citing Fed. R. Civ. P. 26(d) advisory committee notes); *see also In re Generic Pharms. Pricing Antitrust Litig.*, MDL No. 2724; 16-MD-2724, 2022 U.S. Dist. LEXIS 235460, *14 (E.D. Pa. Dec. 16, 2022) ("The amendment was aimed at a [] deposition practice [] in which a party that noticed certain depositions before the opposing party noticed other depositions could take all of the first-noticed depositions before the other party's later-noticed depositions.").

"District courts 'faced with the question of priority have, in the main, concluded that the first party to serve a notice of deposition is entitled to priority of questioning at that deposition.'" *Guidehouse LLP*, 2020 WL 13927593, at *3 (quoting *Schlein v. Wyeth Pharm., Inc.*, No. 105-CV-014, 2012 U.S. Dist. LEXIS 189857, 2012 WL 10359554, at *2 (S.D. Ga. Dec. 13, 2012) (collecting cases)).  "While it is not mandated by law, some courts select this order of priority as a matter of fairness." *Guidehouse LLP*, 2020 WL 13927593, at *3 (citation omitted).

Ultimately, an order regarding the sequence of discovery is at the discretion of the trial judge.  *See Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992).  "[T]rial courts enjoy . . . broad discretion under Rule 26(d)(3) to control the timing and sequence of discovery." *Walls v. Diesel Auto Express*, No. 23-CV-1037 (LDH) (MMH), 2023 WL 3895790, at *2 (E.D.N.Y. June 8, 2023); *see Guidehouse LLP*, 2020 WL 13927593, at *2 ("the order regarding the sequence of discovery is at the discretion of the trial judge") (citation omitted).

**B.      Mr. Black's Deposition Shall Occur Before the Depositions of Defendants Hutchison and Vasquez**

As noted above, Defendants' counsel first contacted Plaintiff's counsel, via email, about scheduling Mr. Black's deposition on August 22, 2023—over 100 days prior to Plaintiff's counsel serving notices of deposition on Defendants Hutchison and Vasquez.  In response to Defendants' counsel's August 22, 2023 email, Plaintiff's counsel did not object to Defendants' conducting Mr. Black's deposition.  Rather, Plaintiff's counsel asked Defendants' counsel to provide "some dates for the first two weeks of October" for Mr. Black's deposition.  Dkt. No. 39-2 at 2.  On August 29, 2023, Defendants' counsel informed Plaintiff's counsel that they were "flexible" regarding scheduling Mr. Black's deposition during those first two weeks in October, but noted that they wanted to coordinate the deposition planning, presumably given that counsel would need to travel to the Attica Correctional Facility to depose Mr. Black.[3]  On September 5, 2023, Plaintiff's counsel advised that they would "prefer" to schedule Mr. Black's deposition after they received the KCDAO records, which they then received on or about November 24, 2023.

Plaintiff therefore was sufficiently aware in August 2023 that Defendants intended to depose Mr. Black as early as September 2023—months before Plaintiff served notices of deposition on Defendants Hutchison and Vasquez.  *Guidehouse LLP*, 2020 WL 13927593, at *3 ("[t]he parties present no compelling reason to depart from the age-old principle of first come, first served.").  Regardless of Plaintiff's preference for the timing of Mr. Black's deposition, there is no dispute that Plaintiff knew that Defendants sought to depose Mr. Black well before Plaintiff served his December 1, 2023 notices of deposition on Defendants Hutchison and Vasquez.

---

[3] The Attica Correctional Facility is located at 639 Exchange St in Attica, New York—approximately 341 miles from the main address for the New York City Law Department at 100 Church Street in New York, New York.  *See* https://www.google.com/maps.

While Defendants did not formally serve a subpoena for Mr. Black's deposition in August 2023, that omission is not dispositive here.  The lack of a subpoena for Mr. Black's deposition appears to be based entirely on Defendants' counsel's efforts to secure a convenient date for the attorneys to travel to the Attica Correctional Facility to depose Mr. Black.  Indeed, it is common for litigators in this District and throughout this Circuit to try to secure agreed-upon deposition dates via email prior to serving subpoenas or formal notices of deposition.  Doing so helps avoid unnecessary litigation, as the attorneys can work together to select a date that accommodates the schedules for the deponent, the attorneys, and the court reporter—particularly where, as here, significant travel is involved.

The email exchanges attached to the parties' submission (Dkt. No. 39-1 and Dkt. No. 39-2) further underscore that counsel were not merely stating that Mr. Black would be deposed at some future time; instead, they were discussing specific dates for his deposition.  And while Defendants accommodated Plaintiff's request to produce the KCDAO records prior to Mr. Black's deposition, doing so does not obviate the fact that Plaintiff was on notice that Defendants intended to depose Mr. Black as soon as those KCDAO records were produced, if not earlier.

Moreover, there is no indication that, had Defendants subpoenaed Mr. Black, that Plaintiff or, for that matter, Mr. Black himself would seek to quash Defendants' subpoena for his deposition.[4]  As Defendants note, "Plaintiff's counsel has indicated that they intend to meet with Jamel Black in advance of his deposition for purposes of preparing him[.]"  *Id.* at 5.  In fact, Mr. Black is already well aware of this litigation since, as Plaintiff notes, "Defendants have already

---

[4] As counsel intends to travel to the Attica Correctional Facility to conduct Mr. Black's deposition, there would be no basis to quash the subpoena under Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person").

met with Mr. Black several times regarding the facts underlying this case, including an on-the-record interview by the Conviction Review Unit." Dkt. No. 39 at 2.

Accordingly, it is in the interests of justice and fairness that Mr. Black be deposed before Defendants Hutchison and Vasquez.[5]

## III.   __Conclusion__

For these reasons, the Court denies Plaintiff's motion (Dkt. No. 39).  The Court orders that Defendants conduct the deposition of Mr. Black prior to the depositions of Defendants Hutchison and Vasquez.

The Court reminds the parties that they shall file a joint status report by February 9, 2024. The Court also reminds the parties that the deadline to complete fact discovery is March 1, 2024 and the deadline to complete all expert discovery is June 29, 2024.  The Court is not inclined to extend these discovery deadlines absent extraordinary circumstances.

**SO ORDERED.**

Dated: Brooklyn, New York
        January 27, 2024

                                        _s/ Joseph A. Marutollo_
                                        JOSEPH A. MARUTOLLO
                                        United States Magistrate Judge

---

[5] Defendants note, in passing, that they seek to have Mr. Black's deposition occur before the deposition of Plaintiff as well.  *See* Dkt. No. 39 at 5-6.  But on the basis for the record before the Court, it is not clear if or when Defendants' counsel has sought to schedule Plaintiff's deposition.  Thus, whether Mr. Black shall be deposed before Plaintiff is not ripe for the Court's review.  In the event that there is a dispute about the timing of Plaintiff's deposition, the Court encourages the parties to confer in good faith to resolve the scheduling of that deposition without Court intervention.