EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT

June 5, 2024

***Via ECF***

Hon. Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: Davis v. City of New York,* No. 22-cv-6656

Dear Judge Marutollo,

This firm represents Plaintiff in the above-captioned action. We write jointly with Defendants' counsel to raise a discovery dispute the parties have been unable to resolve despite meeting and conferring on the issue over the phone and by email.

<u>Plaintiff's Position</u>

Plaintiff requests an order compelling Defendants to promptly produce a 30(b)(6) witness by this Court's deadline of June 14, 2024. Plaintiff sent his portion of this letter to the City's counsel on May 31, 2024, following the parties' meet and confer on May 30, 2024. The City did not send its portion of the letter to Plaintiff's counsel until today, which is why this letter is being filed today.

On April 24, 2024, Plaintiff served a notice of deposition on the City's counsel to depose a representative from the Kings County District Attorney's Office ("KCDAO") about the customs, policies, and practices Plaintiff challenges in this case. Rather than produce a witness, the City wrote to the Court on May 14, 2024, asking the Court to prevent Plaintiff from taking a 30(b)(6) deposition on the sole grounds that the timing of the deposition notices did "not afford defendants sufficient time to prepare and produce witnesses." Dkt. 53 at 1. The City's letter expressly states that it will be "prepar[ing] and produc[ing]" a witness in response to the 30(b)(6)

notice. This Court denied the City's motion, writing: "Defendants do not sufficiently explain why producing these two witnesses poses an undue burden on Defendants. Nor do Defendants raise any substantive objections with Plaintiff's requested depositions." ECF Order, 5/14/24. The Court ordered the City to produce a 30(b)(6) witness by June 14, 2024. *See id.*

Shortly thereafter, Plaintiff's counsel repeatedly inquired—on May 20, May 21, May 22, and May 28—about dates to schedule the 30(b)(6) deposition, all to no avail. Ex. A. Finally, on May 28, the City claimed—for the first time—that Plaintiff would have to issue a subpoena directly to KCDAO because KCDAO is "not a City agency" and the City "cannot compel them to produce a witness." *Id.* at 4. The City's position contradicts the reasons asserted in its May 14, 2024 letter to the Court seeking to prevent Plaintiff from taking a 30(b)(6) deposition. In that letter, it asserted it did not have "sufficient time to prepare and produce" a witness. Dkt. 53 at 1. Now, two weeks later, the City is saying it *cannot* produce a witness because it has no control over KCDAO. It is, in other words, "raising substantive objections with Plaintiff's requested depositions" that the Court explicitly noted were absent from its May 14 letter.[1] The City's shifting positions are needlessly delaying this case and preventing Plaintiff from taking discovery to which he is entitled.

The City's position is also wrong as a matter of law. First, KCDAO policies are *City* policies. Plaintiff's Section 1983 claims against the City of New York arise from the KCDAO's policies governing disclosure of exculpatory material and discipline of personnel, among others. Those policies are the policies of the City itself. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) ("the District Attorney has been treated not as a state official but rather as an official of the municipality to which he is assigned."). Where, as here, "the district attorney acts as 'manager' of the District Attorney's office of one of New York City's constituent counties, he may be considered a municipal policymaker for the City of New York." *Id.*; *see also Bellamy v. City of New York*, 914 F.3d 727, 758 (2d Cir. 2019) (holding that the City can be liable for harms inflicted by the Queens County District Attorney's Office). Plaintiff seeks to depose a 30(b)(6) witness who can testify about the KCDAO customs, policies, and practices he alleges are unconstitutional and that the City, through the Corporation Counsel's office, is defending. Since the City is a party to this case, no subpoena is needed to notice the deposition of a witness who will testify about City policies. *Winfield v. City of New York*, 2018 WL 840085 at * 1 (S.D.N.Y. Feb. 12, 2018) (not requiring a subpoena for a 30(b)(6) deposition regarding City policies).

Second, the City's position that it does not represent KCDAO is belied by its own conduct in this case. The City has been representing KCDAO by defending against the *Monell* claims Plaintiff has asserted in this lawsuit, all of which arise from KCDAO policies. The City produced over 13,000 pages of KCDAO documents in discovery. And the Corporation Counsel's office is representing former Assistant District Attorney Chu and former Assistant District Attorney Taub at their depositions.[2] To now claim that Plaintiff must subpoena KCDAO because

---

[1] The Court already rejected the City's complaints about the timing of Plaintiff's 30(b)(6) deposition, which the City rehashes here. As in their May 14 letter, "Defendants do not sufficiently explain why producing [the 30(b)(6) witness] poses an undue burden on Defendants." ECF Order, 5/14/24.

[2] Plaintiff subpoenaed Ms. Chu and Mr. Taub because neither of them works for KCDAO anymore and, as

it is "not represented by [the City]" and is not "a City agency" strains the bounds of reason.

This Court should compel Defendants to promptly produce a 30(b)(6) witness by this Court's deadline of June 14, 2024.

<u>Defendants/ Position</u>

Plaintiff's motion to compel the City to produce a representative from the Kings County District Attorney's Office ("KCDAO") for a deposition pursuant to a Rule 30(b)(6) should be denied. As an initial matter, the KCDAO is not a named party to this action and, as such, a subpoena is necessary to compel its appearance at a deposition. *See, e.g., Macnamara v City of New York*, 2006 US Dist. LEXIS 82926, at *44 (S.D.N.Y. 2006); *In re an Order Quashing v FIRST Am. Corp.*, 182 F.R.D. 56, 61 (S.D.N.Y. 1998) (proper procedure for requesting 30(b)(6) from a nonparty is the issuance of a subpoena); *Wultz v Bank of China Ltd.*, 293 FRD 677, 679 (S.D.N.Y. 2013). Plaintiff concedes that he has failed to issue a subpoena to the KCDAO and therefore he has no basis in which compel it to produce a 30(b)(6) witness. *Czuprynski v Shenango Furnace Co.*, 2 FRD 412, 413 (W.D.N.Y. 1942) ("There is no authority to require the witness' attendance save through subpoena.").

Notwithstanding the foregoing, plaintiff argues that production of a 30(b)(6) witness should be compelled on the basis of a notice of deposition served upon the City defendant on April 24, 2024. While it is true, as plaintiff indicates above, that this office was served with such notice, it was presumed that a corresponding subpoena was also served upon KCDAO as plaintiff had done with former KCDAO prosecutor Phyliss Chu and Kenneth Taub. It was only afterwards, when this office reached out to the KCDAO to schedule the 30(b)(6) deposition, that it was discovered that no subpoena was served upon that office and, as a result, the KCDAO was not prepared to go forward with the deposition. The KCDAO has not authorized this office to represent it at the proposed 30(b)(6) witness; the witness will be represented by an attorney from the civil division of the KCDAO.

Plaintiff has only himself to be blamed for this result. Not only did plaintiff fail to serve a subpoena upon the KCDAO (which would have put that office on notice of the deposition) he also failed to abide by the provisions of Rule 30(b)(6) requiring that "*before or promptly after the notice or subpoena is served*, the serving party and the organization must confer in good faith about the matters for examination." USCS Fed Rules Civ Proc R 30 (emphasis added). Had plaintiff fulfilled his obligations in this regard by reaching out to KCDAO to confer about the deposition, it would have afforded them the requisite notice and the opportunity to raise any objections in advance of the deposition. It would be an unfair result to now compel KCDAO to produce a 30(b)(6) witness on short notice when plaintiff has failed to satisfy conditions imposed on him by the rule. As indicated in the Notes of the Advisory Committee, the need for a Rule 30(b)(6) deposition should be should referenced "in the discovery plan submitted to the court under Rule 26(f)(3) and in the matters considered at a pretrial conference under Rule 16." *See*

---

individuals, they are not parties to this case. In stark contrast, a representative who will testify about KCDAO policies that are in fact *City* policies, is a party to the case and no subpoena is needed.

USCA, 30(b)(6) Notes of Advisory Committee on 2020 amendments. Plaintiff here has made no such arrangements despite his awareness of the need for such deposition to support the *Monell* claim articulated in his complaint. Instead, he awaited until 35 days before the close of discovery on which to serve his 30(b)(6) deposition notice and then compounded the delay by failing to issue a subpoena and conferring, as required under the Rule. [3]

Plaintiff's claims that this office has assumed representation by virtue of its "conduct" in this case is without merit. While it is true that defendants produced KCDAO documents without subpoena being issued, these documents were already in this office's possession from a previous case and were produced pursuant to an agreement between the parties and the consent of the KCDAO so as to avoid the burdens of document retrieval and reproduction. Indeed, prior to such production, plaintiff asked this office whether and to whom a subpoenaed should be issued for Monell discovery. Plaintiff took no such measures with respect to his request for a 30(b)(6) witness. With respect to this office's representation of the former KCDAO employees, Kenneth Taub and Phyliis Chu) representation was undertaken for the limited purposes of deposition. In any event, there is no legal authority on which this office can be presumed to bind the KCDAO as it is a separate and distinct legal entity. *See, e.g., Alevras v Paulis-Kneski*, 2006 US Dist LEXIS 86356, at *2 (SDNY 2006)("the District Attorney's Office is distinct from the Corporation's Counsel's Office; neither controls the other and the inaction of one is not chargeable to the other."); *Jenkins v City of New York*, 478 F3d 76, 85 (2d Cir 2007)(same).

Plaintiff's claim that representation should be assumed on the basis of its *Monell* claims against the City of New York are also without merit. Though such liability may lie against the City, this does not negate the fact that the City and KCDAO are distinct and separate entities. *Id.* None of the cases cited by plaintiff abrogate the rule that for purposes of discovery, a district attorney's office is not a party to an action naming only the City as a defendant. The case cited by plaintiff purporting to hold otherwise, *Winfield v. City of New York*, 2018 WL 840085 at * 1 (S.D.N.Y. Feb. 12, 2018), is not on point as in that case the 30 (b)(6) witness requested in that case was not form a district attorney but rather from a City agency, namely, the City's Department of Housing Preservation and Development ("HPD").

Based on the foregoing, defendants respectfully request that the Court deny plaintiff's motion to compel production a 30(b)(6) witness.
*USCS Fed Rules Civ Proc R 30*

Respectfully submitted,

Julia P. Kuan
Samuel Shapiro
Sana Mayat

[Encl.]

---

[3] It is important to note that the 30(b)(6) notice requests witness familiarity with a vast array of cases and topics. The KCDAO has advised that it will be moving under separate cover for a protective order limiting the breadth and scope of the 30(b)(6) deposition.