EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

MONDAIRE JONES
VASUDHA TALLA

ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
DANIEL M. EISENBERG
ARIADNE M. ELLSWORTH
SARA LUZ ESTELA
LAURA S. KOKOTAILO
SONYA LEVITOVA
SARAH MAC DOUGALL
SANA MAYAT
HARVEY PRAGER
VIVAKE PRASAD
MAX SELVER
EMILY K. WANGER
RACHAEL WYANT

June 7, 2024

***Via ECF***

Hon. Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: Davis v. City of New York,* No. 22-cv-6656

Dear Judge Marutollo,

This firm represents Plaintiff in the above-captioned action. We write in response to the Kings County District Attorney's Office's ("KCDA") motion to intervene in this case.

Plaintiff disagrees that a subpoena to KCDA was necessary under these circumstances and therefore that the KCDA's intervention is warranted. Plaintiff seeks a 30(b)(6) deposition regarding *City* policies that led to the unconstitutional conduct in this case. As the Second Circuit makes clear, KCDA policies are *City* policies that trigger the City's liability. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) ("the district attorney acts as 'manager' of the District Attorney's office of one of New York City's constituent counties…he may be considered a municipal policymaker for the City of New York.").While the KCDA argues that this is nothing but "legal fiction," it does not dispute that the City can be held liable for harms inflicted by District Attorney policies. *See Bellamy v. City of New York*, 914 F.3d 727, 758 (2d Cir. 2019); *see also Alvarez v. City of New York*, 2024 WL 1140659, at * 8 (S.D.N.Y. Mar. 15, 2024) ("New York City is the proper defendant for constitutional violations resulting from allegedly unlawful policies of the Queens County District Attorney's Office.").

Intervention is unwarranted here, where the KCDA's interests are adequately protected by the City, which shares the same objective in litigating this case. The Second Circuit demands "a more rigorous showing of inadequacy in cases where the putative intervenor and a named

party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F. 3d 171, 179 (2d Cir. 2001). Here, KCDA has the same objective as the City: to defend the KCDA's policies. Where the putative intervenor and named party have the same ultimate interest, "the movant to intervene must rebut the presumption of adequate representation by the party already in the action." *Butler*, 250 F. 3d at 179. KCDA has not done so. The Law Department has defended against the *Monell* claims asserted against the City in this case, which arise from KCDA policies and moved to quash the same deposition that the KCDA now seeks to quash itself.

While KCDA argues that "the Law Dep[artment] is in no position to make any arguments regarding the ability of the KCDA to prepare and defend a witness to testify," Dkt. 56 at 3, it omits the fact that the City *did just that* by moving to quash Plaintiff's notice on the grounds that it did "not afford defendants sufficient time to prepare and produce witnesses." Dkt. 53 at 1. KCDA appears to have a different understanding about what arguments the Law Department can and cannot make, and they are relying on their own confusion to try to delay a deposition this Court already ordered and to which Plaintiff is entitled. This too, is a reason to deny intervention. *See D'Amato v. Deutsche Bank*, 236 F. 3d 78, 84 n. 5 (2d Cir. 2001) (holding that a court may deny intervention where it would cause delay and prejudice the original parties.). If KCDA were allowed to intervene here, it would further delay Plaintiff's ability to take a 30(b)(6) deposition that was noticed more than a month ago.

Notwithstanding Plaintiff's disagreement with the premise of KCDA's motion and its entitlement to its requested relief, Plaintiff wants only to expeditiously work through this Kafkaesque bureaucratic quagmire so he can depose a 30(b)(6) witness about City/KCDA policies. Plaintiff has reached out to the KCDA to try to resolve whatever objections it has to the scope of the 30(b)(6) topics Plaintiff noticed. To the extent the Plaintiff and the KCDA are unable to resolve whatever objections KCDA has, Plaintiff is hopeful that the Court can provide its assistance at the June 13, 2024 conference the Court scheduled.

Respectfully submitted,

__/s/_______________

Julia P. Kuan
Samuel Shapiro
Sana Mayat